**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM BRACAMONTE-MUJO, <br><br> Defendant. | **No. 05-CR-4117-DEO** <br><br> **ORDER REGARDING REPORT AND RECOMMENDATION CONCERNING GUILTY PLEA** |

_____

### I. INTRODUCTION AND BACKGROUND

On November 16, 2005, a 1 Count Indictment (Docket No. 1) was returned against defendant William Bracamonte-Mujo.

Count 1 of that Indictment charges that the defendant, William Bracamonte-Mujo, an alien who had been previously removed and deported on February 3, 2003, was, on or about the 19th day of October, 2005, in the Northern District of Iowa, found, knowingly and unlawfully, in the United States, Woodbury County, after re-entering the United States without first obtaining the consent to apply for readmission into the United States from either the United States Attorney General of Secretary for Homeland Security, all in violation of Title 8, United States Code, Section 1326(a).

Notice was provided in the Indictment that William Bracamonte-Mujo was convicted on June 3, 2002, in the 7th

Judicial Circuit of South Dakota, of possession of methamphetamine with intent to distribute, an aggravated felony, and sentenced to 2 ½ years in prison.  Pursuant to Title 8, United States Code, Section 1326(b), this prior conviction increased the maximum statutory sentence that can be imposed upon a conviction for this charge.

On December 12, 2005, defendant William Bracamonte-Mujo appeared before United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 1 of the Indictment.  On the same date, United States Magistrate Judge Zoss filed a Report and Recommendation (Docket No. 14, 12/12/2005) in which he recommends that defendant William Bracamonte-Mujo's guilty plea be accepted.  No objections to Judge Zoss's Report and Recommendation were filed.  The Court, therefore, undertakes the necessary review of Judge Zoss's recommendation to accept defendant William Bracamonte-Mujo's plea in this case.

## II.  ANALYSIS

### A.  Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo

> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

In this case, no objections have been filed, and it appears to the Court upon review of Judge Zoss's findings and conclusions that there are no grounds to reject or modify them. Therefore, the Court accepts Judge Zoss's Report and Recommendation (Docket No. 14), and accepts defendant William

Bracamonte-Mujo's plea of guilty in this case to Count 1 of Indictment filed on November 16, 2005.

**IT IS SO ORDERED** this 30th day of March, 2006.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa